942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry THORNOCK, Plaintiff-Appellee,
v.
WASHINGTON INSURANCE GUARANTY ASSOCIATION, Defendant-Appellant
and
Pack River Management Co., Pack River Investment, Defendants.
Larry THORNOCK, Plaintiff-Appellant,
v.
WASHINGTON INSURANCE GUARANTY ASSOCIATION, Defendant-Appellee.
 Nos. 90-35689, 90-35728.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 30, 1991.
Decided Sept. 5, 1991.
 
 Before EUGENE A. WRIGHT, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 These consolidated appeals arise from the district court's order granting Larry Thornock's motion for summary judgment. The Washington Insurance Guaranty Association ("WIGA") appeals the part of the order requiring it to honor a settlement agreement entered into by Thornock and Mission Insurance Company before Mission was declared insolvent. WIGA argues that the settlement is not a "covered claim" under Washington's insurance guaranty law. Thornock cross-appeals the district court's ruling that WIGA does not have to pay him interest on the settlement amount. The district court had jurisdiction over this diversity matter under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.
 
 I.
 
 3
 We must first decide whether WIGA is bound by the terms of the settlement agreement between Thornock and Mission entered into after a conservator had been appointed to conduct Mission's affairs, but before the insurer was declared insolvent, and which WIGA neither negotiated nor approved. Washington's Insurance Guaranty Association Act provides in part that "[t]he association shall: (a) Be obligated to the extent of the covered claims existing prior to the order of liquidation...." Wash.Rev.Code § 48.32.060(1)(a) (1989).[1] "Covered claim" is defined by the Act to mean "an unpaid claim ... which arises out of and is within the coverage of an insurance policy...." Wash.Rev.Code § 48.32.030(4). We must decide whether the settlement obligation to Thornock is a "covered claim."
 
 
 4
 The question is whether the settlement agreement is a claim that "arises out" of Mission's obligations under its insurance policy with Pack River. WIGA argues that it should be able to determine whether any particular obligation arises from the policy before it can be bound by that obligation. We agree with the district court that a settlement agreement, by its nature, is an obligation arising out of the insurance policy. Because there is no evidence of collusion, no reason exists to believe that this settlement was, as WIGA calls it, an "extra-policy act." And because the obligation arises out of the insurance policy, it is a covered claim binding upon WIGA.
 
 
 5
 Confronted with this seemingly straightforward application of the statute, WIGA makes an elaborate argument that is should not be bound by the settlement agreement because to do so would frustrate the policies underlying the liquidation process as a whole. Essentially, WIGA argues that it must be able to do before liquidation--namely, review and approve or disapprove all claims--what the insurance guaranty law authorizes it to do only after the liquidation order has been issued. Once an insurer is ordered to be liquidated, the conservator must prevent any claims from gaining preference over other claims. WIGA contends that to bind it by settlement agreements entered into after the appointment of a conservator but before the liquidation order would frustrate the strong anti-preference policy of the liquidation law.
 
 
 6
 To refute this argument, it suffices to say that if the state wanted to extend the anti-preference policy embodied in the liquidation act to pre-liquidation but post-conservatorship obligations, it could have done so. As the insurance guaranty law now stands, however, WIGA is bound by all claims arising from insurance policies and existing "prior to the order of liquidation." Wash.Rev.Code § 48.32.060(1)(a). Especially in light of the statute's directive that the act "shall be liberally construed to effect the purpose" of protecting claimants and policyholders, Wash.Rev.Code § 48.32.910, we affirm the district court's ruling that WIGA is bound by the settlement agreement between Mission and Thornock.[2]
 
 II.
 
 7
 Thornock cross-appeals the district court's ruling denying him interest on the $35,000 settlement amount. The district court ruled that it had discretion to decide whether to award Thornock interest, and it denied his claim without explanation. Thornock argues that the awarding of interest in this case is mandatory, and, in the alternative, that even if it is discretionary, the district court abused that discretion in denying his claim for interest without explanation.
 
 
 8
 Under Montana law, Thornock is entitled to interest unless this action can be classified as "an action for the breach of an obligation not arising from contract," Mont.Code Ann. § 27-1-212 (1989), in which case the awarding of interest is discretionary. "Obligation" is defined to mean "a legal duty by which one person is bound to do or not to do a certain thing and arises from: (1) contract; or (2) operation of law." Mont.Code Ann. § 27-1-105 (1989). We must decide, then, whether WIGA's obligation, arising from Mission's contractual obligation to Thornock but made binding on WIGA by operation of the insurance guaranty law, arises from contract or by operation of law.
 
 
 9
 The statute directs us to look to the origin of the obligation in determining whether to award interest. As our discussion of the first issue demonstrates, WIGA's obligation under the settlement agreement is a contractual one because it arises out of Mission's insurance policy with Thornock. Accordingly, Thornock would be entitled to interest from Mission, and because WIGA has assumed Mission's obligations, we reverse the district court's ruling and hold that Thornock is entitled to interest on the $35,000.
 
 III.
 
 10
 We affirm the district court's order insofar as it held that WIGA is obligated to pay Thornock $35,000 pursuant to the settlement agreement, and we reverse insofar as it denied Thornock's claim for interest. Thornock shall recover his costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The next subsection provides:
 The association shall: (b) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent.
 Wash.Rev.Code § 48.32.060(1)(b).
 
 
 [2]
 WIGA also contends that it is entitled under Wash.Rev.Code § 48.32.100 to offset the amount Thornock received from workers' compensation against any recovery against it. Thornock alleges, and WIGA concedes, that this issue was not raised in the district court. Because the record is insufficient to permit us to decide this claim, we decline to do so. See, for example, In re Wind Power Systems, Inc., 841 F.2d 288, 290 n. 1 (9th Cir.1988) (appellate court will consider issues raised for the first time on appeal only when it is purely one of law and either does not depend upon the record or the record has been fully developed)